UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Applicant, | * * | Civil Action No. 13-91093-JLT |
| v. | * * | |
| ROBERT KIELBASA, | * * | |
| Respondent. | * | |

Order

January 6, 2014

TAURO, J.

Having reviewed Magistrate Judge Boal's Report and Recommendation [#18], and there being no objections filed, this court ACCEPTS and ADOPTS the Report and Recommendation. For the reasons set forth in the Report and Recommendation, this court hereby orders that the SEC's Application for Order to Show Cause and for Order to Comply with Administrative Subpoena [#1] is DENIED.

Magistrate Judge Boal also entered an Order [#19] unsealing the record in this case. Respondent was given fourteen days to appeal that decision and has done so. The SEC opposes Respondent's appeal. This court has reviewed Magistrate Judge Boal's Order and the Parties' filings in this matter. In order for Respondent's appeal to succeed, he must show that Magistrate Judge Boal's order is clearly erroneous or contrary to law.[1] Respondent has failed to carry this burden.

---

[1] See Fed. R. Civ. P. 72(a).

As Magistrate Judge Boal explained, there is a long-standing presumption of public access to judicial records, which may be overcome only by the most compelling justifications. Respondent does not argue that the various filings in this matter are not "'materials on which a court relies in determining the litigants' substantive rights'" to which the presumption of access extends.[2] Indeed, Respondent appears to concede that the presumption of access applies, but argues that several concerns outweigh the public's right of access in this case.[3]

Respondent fails to cite any case law supporting his arguments in favor of keeping the record under seal. First, he argues that "fundamental principles of fairness" support keeping the record under seal. Essentially, he argues that the SEC forced him to choose between asserting his Fifth Amendment rights and having the SEC's investigation made public. Respondent fails to factually support this argument. And, as Magistrate Judge Boal's Report and Recommendation explained, there was "some ambiguity as to the exact language a deponent must use in order to invoke" the privilege against self-incrimination.[4] The Fifth Amendment gives a person the right to refuse to incriminate himself. It does not give him the right to keep his invocation of that right out of the public eye under any circumstance. Moreover, the SEC's own confidentiality rules may be waived at its discretion.[5] This is simply not the type of compelling interest sufficient to overcome the public's right of access. Indeed, a similar concern arises for any person against whom unfavorable litigation is initiated.

---

[2] See FTC. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987) (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986)).

[3] See Resp't's Appeal Order Unsealing Judicial R. [#21], 3-7.

[4] Report & Recommendation [#18], 5.

[5] See SEC v. Shanahan, No. 4:05-MC-546 CAS, 2006 WL 3330972, at *4 (E.D. Mo. Nov. 15, 2006).

Second, Respondent argues that the impact public knowledge of his involvement in the SEC's investigation and his invocation of the Fifth Amendment will have on his reputation and career outweighs the public interest. Respondent is a real estate investor and his relationships are built on trust. He maintains that knowledge that he invoked his Fifth Amendment rights would harm his existing relationships and prevent him from obtaining new ones. But it is well established that mere embarrassment or reputational harm generally do not constitute compelling reasons to deny the public access to judicial records.[6] In short, Respondent fails to offer a sufficiently compelling reason to keep the record sealed.[7]

Accordingly, this court hereby orders that Respondent's Appeal is DENIED. This case is CLOSED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[6] See, e.g., Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998); Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179-80 (6th Cir. 1983).

[7] Respondent first argues that the entire record should remain sealed. He then argues in the alternative that it should at least be unsealed with redactions. He suggests that references to his identity be redacted. Regardless of whether this court considers keeping the entire case under seal or making certain redactions, Respondent has not identified a compelling reason to do either.